EDWARD C. BATCHELOR ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF AVON-BY-THE-SEA ET AL.

---

HERMAN G. VETTERLEIN ET AL., PROSECUTORS, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF AVON-BY-THE-SEA ET AL.

Submitted June 4, 1907—Decided November 11, 1907.

1. Where the statute requires that the commissioners of assessment shall be "discreet persons, residents and freeholders of the borough," the order of appointment must recite that fact, otherwise the proceedings are defective.

2. Assessments for public improvements set aside for a defect in the order appointing commissioners on account of failure to recite therein that the commissioners were "discreet persons, residents and freeholders of the borough," but which assessments appear to have been laid upon legal principles, and to be fair and just, will be reassessed by the court under the act approved March 23d, 1881. *Pamph. L., p.* 194.

On *certiorari.*

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the prosecutors, *Acton C. Hartshorne* and *Eusebius W. Arrowsmith, Jr.*

For the defendants, *George W. W. Porter.*

The opinion of the court was delivered by

TRENCHARD, J.   These writs of *certiorari* bring up for review certain ordinances passed by the mayor and council of the borough of Avon-by-the-Sea, authorizing the grading, graveling and curbing of certain avenues in the borough, together with all proceedings, including the assessments for benefits had thereunder.

The cases were consolidated by order of the court, and have been argued and will be considered together.

The prosecutors are the owners of lands on the avenues improved and object to the assessments made against their respective lands.

The third and fourth reasons assigned allege that the commissioners of assessment were not appointed in the manner provided by the statute and were not qualified to act as such commissioners.

The proceedings brought up do fail to recite, either in the appointment or otherwise, that the commissioners were "discreet persons, residents and freeholders of the borough," as required by section 52 of the Borough act of 1897 (*Pamph. L., p.* 310), as amended by *Pamph. L.* 1900, *p.* 400.

Under our decisions it seems that this defect is fatal. *Brewer* v. *Elizabeth,* 37 *Vroom* 547; *State* v. *Newark,* 1 *Dutcher* 399.

This defect, and all others which are alleged to exist, can be cured by the court setting aside the report and assessing the property as the commissioners might have done. *Pamph. L.* 1881, *p.* 194, § 1.

The assessment levied by the commissioners on the property of the respective prosecutors appears to have been laid upon correct legal principles, and, moreover, its justice does not seem to be seriously questioned. But, however that may be, upon careful examination, its fairness commends itself to the court, and we do therefore determine that the several properties assessed in the proceedings brought up were legally liable to the assessment therein imposed, and do fix the amounts thereof as the same were severally assessed against the properties of the respective prosecutors in the reports of the commissioners now under review.

An order to set aside and reassess, as herein suggested, will be made. No costs will be allowed.

This accords with the practice in this court under the act of 1881, above cited (*Brewer* v. *Elizabeth, supra*), which has met with approval in the Court of Errors and Appeals. *Elizabeth* v. *State,* 16 *Vroom* 157; *Brown* v. *Town of Union,* 36 *Id.* 601.